[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants have filed a Motion for Sanctions and Award of Attorney's fees.
On October 30, 2001, this Court granted the defendants' Motion to Dismiss. This was a disciplinary dismissal of the action pursuant to §§ 13-14 (a) and 13-14 (b)(5) of the Connecticut Practice Book. The reason being the false responses made by the plaintiff to interrogatories and during her deposition. She failed to disclose a pre-existing back injury for which she had received orthopedic treatment and, in the present case, she sought damages for injury to her back arising out of a fall. The existence of the prior injury was revealed at the commencement of trial in this case, when certain subpoenaed and sealed hospital records were opened. The non-disclosure was so prejudicial to the defendant that the extreme sanction of a dismissal was appropriate.
The defendants now seek the additional sanction of attorney's fees, for the entire cost of litigation, which according to an affidavit of the case manager for the defendants' insurance cater, are $43,321.52.
As a general rule each party in a civil action bears her or his own attorney's fees, however there are exceptions.
Attorney's fees may be awarded under the Court's inherent authority,Fattibene v. Kealy, 18 Conn. App. 344, 360 (1989), but Fattibene cautions CT Page 2238 that, although misleading conduct is not countenanced, there should be clear evidence of improper purpose and a high degree of specificity, and that the Court's discretion must be carefully circumscribed.
It is also noted that § 13-14 of the Connecticut Practice Book provides for a specific sanction when a party intentionally answers interrogatories falsely or answered them in a manner calculated to mislead and that sanction (in addition to a nonsuit or a default) is an award of the costs of the motion, including a reasonable attorney's fee. (Connecticut Practice Book § 13-14(b)(2). The language of the practice Book fairly accurately describes what happened int his case.
This case is also similar to the factual pattern in Crivell v. Sears,Roebuck and Co., 2000 Conn. Super Lexis 3162 (Doherty, J.), (J.D. of Waterbury, Nov. 28, 2000), wherein the Court awarded $500 as costs of the motion, including attorney's fees. (In addition to dismissing the case).
For the foregoing reasons and in exercise of its discretion, the Court declines to award the $43,321.52 in counsel fees as requested.
The clerk of the court shall assess costs in favor of the defendant. (A Bill of Costs and an Objection to a portion thereof have been submitted).
Klaczak, J.